**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00146-09 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SCOTT LEWANDOWSKI | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is the Government's Motion For Review and Revocation of a Release Order. (Record Document 65). Upon consideration of Defendant's response (Record Document 307), the Government's motion is **GRANTED**. The Defendant, Scott Lewandowski, is ordered to be detained without bond pending trial.

**BACKGROUND**

The Defendant, Scott Lewandowski, was arrested as a result of his participation in an online child exploitation bulletin board, Dreamboard. (Record Document 307 at 1). The Defendant is accused of participating in this website under the aliases "pjrb" and "koan." See id. Defendant posted material to Dreamboard that depicted children engaging in sexually explicit conduct. The Defendant held himself out to be "the person who was exploiting the children for the purpose of getting them to produce the sexually explicit conduct." (Record Document 307 at 2). In one of the Defendant's postings to Dreamboard, he claimed that the video posted "capped"[1] two days prior to posting. He claims on another posting that while he was not the "OC," he was there "when she did

---

[1] Capping is "the process of causing a minor to engage in sexual activity while on a web camera and capturing the sexually explicit conduct." (Record Document 307 at 2).

that show and she said she was 13." See id. When the Defendant's computer was seized, over forty videos of children engaging in sexually explicit conduct were discovered. See id. Further, the Defendant's computer had 8,283 hits for his two aliases used to participate on Dreamboard. See id.

On July 14, 2011, federal agents arrested the Defendant. (Record Document 65 at 1). He was brought before a U.S. Magistrate Judge in the District of Colorado for initial appearance and removal to this District. (Record Document 65 at 1-2). The presiding Court denied the Governments request for detention without bond. (Record Document 65 at 2). The Government then brought the present motion before this Court asking for a stay of the Magistrate Judge's ruling as well as review and revocation of the Release Order. (Record Document 65). This Court granted a stay on the Magistrate Judge's ruling and now considers the review and revocation of the Release Order. (Record Document 67).

**LAW AND ANALYSIS**

Review of the Magistrate Judge's Release Order is before this Court for a *de novo* review. See U.S. v. Fortna, 769 F.2d 243,249 (5th Cir. 1985). It is undisputed that since the Defendant is charged with an offense involving a minor victim, the Defendant is subject to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). Even with this presumption, the burden of proof still lies with the Government. The Fifth Circuit has also held that even if a Defendant

presents evidence tending to rebut this presumption, the presumption still remains a factor for consideration by the Court. U.S. v. Fortna, 769 F.2d 243,251 (5th Cir. 1985).

Courts are directed by 18 U.S.C. § 3142(g) to "take into account" the following:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
> (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release...

18 U.S.C. § 3142(g)

The two key factors in determining the appropriateness of detention are the likelihood of the defendant to appear at trial and the safety of the community. 18 U.S.C. § 3142(e). However, only one of these two factors need be met in order to make detention appropriate. U.S. v. Fortna, 769 F.2d at 249.

At the conclusion of the detention hearing before the Magistrate Judge found that the Defendant was neither a flight risk nor a danger to his community. He has no criminal record outside of this charge and has many ties to his Colorado community. With the presumption of detention in mind, it does appear that the Defendant has rebutted the presumption of detention on the issue of appearing at trial.

3

The next factor to analyze is how the Defendant's release would impact the safety of the community. The crimes charges are not simple possession of child pornography. The Defendant has been charged with crimes that pertain to his posting of child pornography on Dreamboard. In the detention hearing, the Government stated that when they searched the Defendant's computer they found that the Defendant had visited Dreamboard a mere three days before his arrest. (Detention Hearing Transcript at 9). A word document was found on the Defendant's computer with links that contained phrases such as "8-10YO shows pussy on cam;" "6_YO_boobieflash;" "14YO girl strips, shows ass and pussy." See id. What is more troublesome to the Court is that in the postings the Defendant made to Dreamboard, he alleged that he was present when these videos were made, meaning he witnessed and partook in the making of the graphic videos posted on Dreamboard. Further, he assured the visitors of Dreamboard that the girl in the video was thirteen when she "did the show." On a separate posting he seemingly bragged about the fact that his video was only two days old.

Due to the nature of the Defendant's involvement in not only sharing, but producing child pornography, and the fact the Defendant visited this website a mere three days before being arrested, this Court finds that the Defendant is a danger to his community. Combining this finding with the presumption of detention, this Court is convinced that detention is in the best interest of "safety of the community."

It is also noted that even if this Court sets aside this presumption all together, the nature of these alleged offenses and surrounding circumstances prove to this Court, by clear and convincing evidence, that the Defendant presents an unreasonable risk of

4

danger to society. If he were to be released, there is no assurance that his community would be protected from his ongoing interaction in the realm of child exploitation.

For these reasons, this Court finds that it is appropriate to detain the Defendant, Scott Lewandowski, without the bond as his release would pose too great a danger to the safety of his community.

Accordingly,

**IT IS ORDERED** that the Motion For Review and Revocation of a Release Order (Record Document 65) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** the Defendant, Scott Lewandowski, is detained without bond pending trial.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this the 28th day of September, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE