**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 11-00146-10

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

STEPHEN FAIRBANKS                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before this Court is the Government's Appeal of Magistrate's Order Releasing the Defendant. (Record Document 211). Upon consideration of Defendant's response (Record Document 281), the Government's motion is **GRANTED**. The Defendant, Stephen Fairbanks, is ordered to be detained without bond pending trial.

**BACKGROUND**

The Defendant, Stephen Fairbanks, was arrested as a result of his participation in an online child exploitation bulletin board, Dreamboard. (Record Document 211 at 1). The Defendant is accused of participating in this website under the aliases "zapper" and "jmagic." See id. Dreamboard "was dedicated to the production, distribution and advertisement of hardcore child pornography, including images of infants and prepubescent minors being raped and in distress." (Record Document 211 at 2). In order to become a member of Dreamboard, posting of a certain amount of child pornography was required. It was required that these postings "either contain[ed] hard core activity or nudity, and that minors depicted were under the age of 13." See id.

The Defendant joined Dreamboard as a "member" in May of 2010. (Record Document 211 at 6). He posted to a section of Dreamboard that contained "video files of

prepubescent children being sexually exploited by adults." See id. When the Defendant's computer was searched, 33,789 child pornography images were found. (Record Document 211 at 7). 158 child pornography movies were found. See id. There were 117 files containing the word "Dreamboard," and finally 227 files containing the word "zapper," the Defendant's Dreamboard alias. See id.

On July 15, 2011, federal agents arrested the Defendant. (Record Document 211 at 2). He was brought before a U.S. Magistrate Judge in the Central District of California for initial appearance and removal to this District. See id. The presiding Court denied the Government's request for detention without bond. See id. The Government then brought the present motion appealing the Magistrate Judge's order releasing the Defendant. (Record Document 211).

## LAW AND ANALYSIS

Review of the Magistrate Judge's Release Order is before this Court for a *de novo* review. See U.S. v. Fortna, 769 F.2d 243,249 (5th Cir. 1985). It is undisputed that since the Defendant is charged with an offense involving a minor victim, the Defendant is subject to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). Even with this presumption, the burden of proof still lies with the Government. The Fifth Circuit has also held that even if a Defendant presents evidence tending to rebut this presumption, the presumption still remains a factor for consideration by the Court. U.S. v. Fortna, 769 F.2d 243,251 (5th Cir. 1985).

Courts are directed by 18 U.S.C. § 3142(g) to "take into account" the following:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
> (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release...

18 U.S.C. § 3142(g)

The two key factors in determining the appropriateness of detention are the likelihood of the defendant to appear at trial and the safety of the community. 18 U.S.C. § 3142(e). However, only one of these two factors need be met in order to make detention appropriate. U.S. v. Fortna, 769 F.2d at 249.

At the conclusion of the detention hearing, the Magistrate Judge found that the Defendant was neither a flight risk nor a danger to his community. He has no criminal record outside of this charge and has many ties to his California community. See id. He appears to have the support of his family and friends willing to "post property to ensure that he will make his court appearance." (Record Document 281 at 3). With the presumption of detention in mind, it appears that the Defendant has rebutted the presumption of detention on the issue of appearing at trial.

The next factor to analyze is how the Defendant's release would impact the safety of the community. The crimes charges are not simple possession of child pornography. The Defendant has been charged with crimes that pertain to his posting of child pornography on Dreamboard. The Defendant's computer had 33,789 child pornography images and 158 child pornography movies. There were 117 files containing the word "Dreamboard," and 227 files containing the word "zapper," the Defendant's Dreamboard alias. This shows that this Defendant played an active role in his membership with Dreamboard and that the Defendant was a truly active participant in this child exploitation scheme.

Combining this finding with the presumption of detention, this Court is convinced that detention is in the best interest of "safety of the community."

It is also noted that even if this Court sets aside this presumption all together, the nature of these alleged offenses and surrounding circumstances prove to this Court, by clear and convincing evidence, that the Defendant presents an unreasonable risk of danger to society. If he were to be released, there is no assurance that his community would be protected from his ongoing interaction in the realm of child exploitation.

For these reasons, this Court finds that it is appropriate to detain the Defendant, Stephen Fairbanks, without the bond as his release would pose too great a danger to the safety of his community.

Accordingly,

**IT IS ORDERED** that the Appeal of Magistrate's Order Releasing the Defendant (Record Document 211) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** the Defendant, Stephen Fairbanks, is detained without bond pending trial.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this the 29th day of September, 2011.

                                                S. MAURICE HICKS, JR.
                                          UNITED STATES DISTRICT JUDGE